Filed 3/5/25  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084261 |
| v. | (Super.Ct.No. BLF001710) |
| CURTIS EDWARD SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam, Judge.  Affirmed.

Curtis Edward Smith, in pro. per.; Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Curtis Edward Smith filed a petition for resentencing pursuant to Penal Code section 1172.6,[1] which the court denied.  On appeal, counsel has

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), setting forth a statement of facts, setting forth a statement of the case, requesting that we exercise our discretion to independently review the record for error, and directing our attention to one potentially arguable issue: whether the court erred in denying defendant's petition at the prima facie hearing.

This court offered defendant the opportunity to file a personal supplemental brief, which he has done.[2] Defendant contends that the court erred in denying his petition because he did not act with intent to kill. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 31, 2001, the People filed an information charging defendant with two counts of inflicting corporal injury upon a spouse (§ 273.5, subd. (a); counts 1 & 7), attempted premeditated murder (§§ 664, 187; count 2), kidnapping (§ 207, subd. (a); count 3), assault with a deadly weapon (§ 245, subd. (a)(1); count 4), making criminal threats (§ 422; count 5), and burglary (§ 459; count 6). The People further alleged in counts 2 through 7 that defendant personally used a knife as a dangerous or deadly weapon (§§ 12022, subd. (b)(1) & 1192.7, subd. (c)(24)); that the crimes were committed while defendant was released from custody pending the disposition of another felony offense (§ 12022.1); and that in counts 2, 4, and 7 defendant inflicted great bodily harm upon the victim (§§ 12022.7, subd. (d) & 1192.7, subd. (c)(8)). Additionally, the People

---

[2] "If the defendant . . . files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

alleged defendant had suffered a prior strike conviction (§§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1).) (*People v. Smith* (July 11, 2003, E031252) [nonpub. opn.] (*Smith I*); *People v. Smith* (2006) 142 Cal.App.4th 923, 926 (*Smith II*))

On October 1, 2001, defendant entered a plea of guilty after the People agreed to strike the words "willful, deliberate, and premeditated" from the attempted murder charge in count 2. Subsequently, defendant moved to withdraw his guilty plea. The court denied defendant's motion. The court sentenced defendant to a total of 28 years in state prison. (*Smith I*, *supra*, E031252.)

On appeal, defendant contended the trial court erred in denying his motion to withdraw his plea. This court agreed. This court vacated the sentence and remanded the matter to the trial court with instructions to allow defendant to withdraw his guilty plea and go to trial on all charges if he so desired. (*Smith I*, *supra*, E031252.)

On September 13, 2004, a jury found defendant guilty of all charges. The jury further found the allegations attached to those counts to be true except the allegation that defendant used a deadly weapon in the commission of the attempted murder. The jury also found true the prior strike conviction allegation. The court sentenced defendant to state prison for a total indeterminate sentence of 34 years to life. (*Smith II*, *supra*, 142 Cal.App.4th at p. 926.)

Defendant appealed. This court remanded the matter to the trial court with directions to strike six years from the section 12022.1 enhancement term imposed on count 3 and to correct and modify the abstract of judgment accordingly. As modified,

this court affirmed the judgment. (*Smith II*, *supra*, 142 Cal.App.4th at p. 936.) The court thereafter sentenced defendant to 28 years to life.

On April 13, 2023, defendant filed a form petition for resentencing pursuant to section 1172.6. On March 7, 2024, the People requested judicial notice of the jury instructions and this court's opinion in *Smith II*, all of which they attached to the request.[3]

At a hearing on June 28, 2024, the People brought their request for judicial notice of the jury instructions to the court's attention. The People noted, "A review of the jury instructions revealed that this is—without engaging in fact-finding, this was a domestic violence case. There were no aiding and abetting instructions given of any type whatsoever. No natural and probable consequences, felony murder, conspiracy, or any other theory by which malice could be imputed. This is a [domestic violence] attempted murder, kidnapping. Those [were] the instructions given."

Defense counsel confirmed the People's statement and submitted on the matter. The court ruled, "Based on that recitation and a review of the supporting documents, then, the motion will be denied."

## II. DISCUSSION

Defendant contends that the court erred in denying his petition because he did not act with intent to kill. Defendant maintains that a forensic psychologist, whose testimony was "withheld from the jury," reflected that defendant's actions were not premeditated or thought out nor did he act with malice but in the "'heat of passion.'" Defendant asserts

---

[3] The People appear to have misidentified the opinion in their request, but they attached the correct opinion. The People effectively refiled the request on June 25, 2024.

that his section 1172.6 petition permits him to challenge the sufficiency of the evidence for his conviction, regardless of whether the jury was instructed with any theory for which it might impute malice to him.  We disagree.

"The Legislature enacted Senate Bill [No.] 1437 'to more equitably sentence offenders in accordance with their involvement in homicides.'  (Stats. 2018, ch. 1015, § 1(b).)  The Legislature recognized, 'It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability.'  [Citation.]  With this purpose in mind, Senate Bill [No.] 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  [Citation.]" (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)

"'""[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner.'"'  [Citation.]  Consequently, '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.'  [Citation.]" (*Curiel*, *supra*, 15 Cal.5th at p. 460.)

Where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required.  (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 ["As the sole

5

and actual perpetrator of the attempted murder of" the victim, a defendant "is ineligible for resentencing as a matter of law."]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dism. Nov. 17, 2021, S263939, ["[T]he jury instructions themselves demonstrate[d] as a matter of law that [the defendant] could not make a prima facie showing that he is entitled to relief."]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [Petition properly denied where jury verdicts necessarily show defendant was convicted under provocative act theory.]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review dism. Dec. 1, 2021, S266336 [Defendant could not make prima facie showing because the jury instructions reflected the defendant was per se ineligible for relief.].)

Here, the jury instructions reflect that the court did not instruct on, and the jury therefore did not find defendant guilty of, attempted murder under any theory of imputed malice. The court gave no instructions on felony murder, the natural and probable consequences doctrine, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. The jury instructions do not identify any underlying target offense. The People tried defendant as the sole perpetrator. The jury found that defendant committed the attempted murder with deliberation and premeditation. Thus, defendant is per se ineligible for resentencing.

Defendant's argument that the trial court erred in declining to admit the psychologist's testimony fails because section 1172.6 "does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence

6

supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Burns* (2023) 95 Cal.App.5th 862, 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"].)

Defendant's argument that his section 1172.6 petition permits him to challenge the sufficiency of the evidence for his conviction, regardless of whether the jury was instructed with any theory for which it might impute malice to him, similarly fails. Section 1172.6 provides relief only to those convicted of the offenses listed therein based on theories of imputed malice, e.g., natural and probable consequences, felony murder, conspiracy, and indirect aiding and abetting. Section 1172.6 does not provide defendants with a second bite at the appellate apple. (*People v. Farfan*, *supra*, 71 Cal.App.5th at p. 947; accord *People v. Burns*, *supra*, 95 Cal.App.5th at p. 865 ["Section 1172.6 does not create a right to a second appeal, and [defendant] cannot use it to resurrect a claim that should have been raised in his [earlier] direct appeal"].) This is particularly true where, as here, defendant challenged the sufficiency of the evidence adduced against him at trial in his appeal from the judgment. This court rejected that challenge nearly two decades ago holding, "we find sufficient evidence that the attempted murder was committed with deliberation and premeditation." (*Smith II*, *supra*, 142 Cal.App.4th 923 (Aug. 18, 2006, E037036) [nonpub. portion of par. pub. opn.].)

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
Acting P. J.

We concur:

<u>CODRINGTON</u>
J.

<u>RAPHAEL</u>
J.